**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICKY WOOTEN, | : | |
| | : | Civil No. 10-4599 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| DONNA ZICKEFOOSE, WARDEN, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    RICKY WOOTEN, Petitioner pro se
    #27138-016
    Rivers Privatization Field Office
    Bureau of Prisons
    145 Parker's Fishery Road
    Winton, North Carolina 27986

**HILLMAN, District Judge**

    This matter is before the Court on the petition of Ricky Wooten for habeas corpus relief under 28 U.S.C. §§ 2241.  It appears that Wooten is challenging a prison disciplinary action that took place at the Federal Correctional Institution ("FCI") at Morgantown, West Virginia ("FCI Morgantown").  On February 9, 2011, counsel for respondent filed a motion to transfer the habeas petition to the United States District Court for the Eastern District of North Carolina or the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1406.  This motion is decided without oral argument

pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be granted and the matter will be transferred.

## I. DISCUSSION

### A. Background

Petitioner Ricky Wooten filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on or about September 9, 2010.[1]  He challenges a disciplinary proceeding that occurred at the FCI Morgantown, in which sanctions of loss of good conduct time were imposed.  On February 9, 2011, respondent filed a motion to transfer venue of this case from the United States District Court for the District of New Jersey to either the Eastern District of North Carolina or the Eastern District of Pennsylvania.  (Docket entry no. 6).

Respondent states that Petitioner was not in the custody of the named respondent, the Warden at FCI Fort Dix, at the time he submitted his petition for filing.  Respondent notes that the postage label on the envelope in which Petitioner mailed his petition to the Court shows that the petition was mailed from the Andrews Air Force Base in Maryland, on September 7, 2010.

---

[1] Petitioner is serving a 121 month prison term imposed on July 25, 2005, by the United States District Court for the District of Columbia, following his conviction on federal drug crimes.  His projected release date is October 5, 2012.  (See Declaration of Laurie Alexander, dated January 24, 2011, at pg. 2).

2

(Docket entry no. 1 at pg. 112). The Petition was received and filed on September 9, 2010.

With his petition, Petitioner included a Certificate of Service, dated August 10, 2010, stating that the petition was mailed to the U.S. Attorney's Office in Trenton, New Jersey, and to the Clerk's Office , by "prison mail on 8/10/10." (Docket entry no. 1 at pg. 30). However, the records at FCI Fort Dix indicate otherwise. In fact, as Laurie Alexander, Case Manager at FCI Fort Dix, avers, there is no record or evidence that the petition in this matter was given to the prison staff at FCI Fort Dix, as indicated by Petitioner, via institutional mail procedures, for mailing to the Clerk's Office or the U.S. Attorney's Office in or around August 2010. (Alexander Decl. At ¶¶ 4-5).

In fact, records show that Petitioner left the FCI Fort Dix on August 31, 2010 and was in transit to his present place of confinement at the Rivers Correctional Institution in Winton, North Carolina, from August 31, 2010 to September 23, 2010. Before reaching the Rivers Correctional Institution, Petitioner was held at the Philadelphia Federal Detention Center in Philadelphia, PA from August 31, 2010 to September 22, 2010. (Alexander Decl. at ¶ 3, Exhibit 2).

B.   § 2241 Jurisdiction

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody.  A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment.[2]  Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

---

[2]  Section 2241 of Title 28 of the United States Code provides in relevant part:
    (c) The writ of habeas corpus shall not
    extend to a prisoner unless- . . . He is in
    custody in violation of the Constitution or
    laws or treaties of the United States.
28 U.S.C. § 2241(c)(3).

Jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody.  28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973)(personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994)("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"); United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988);  Valdivia v. Immigration and Naturalization Serv., 80 F. Supp. 2d 326, 332-333 (D.N.J. 2000).

Here, the respondent argues that this matter should be transferred pursuant to 28 U.S.C. § 1406, because venue in this District Court is improper.  Section 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district of division in which it could have been brought."  28 U.S.C. § 1406(a).  A party moving to dismiss or transfer venue under § 1406(a) "'bears the burden of establishing affirmatively that venue is improper.'" Tucker v. Interscope Records, Inc., 1999 WL

80363 at *3 (E.D.Pa. Feb. 17, 1999(quoting Born v. Iannacone, 1998 WL 297621 at *3 (E.D.Pa. June 3, 1998).

In this case, Petitioner was not confined in the District of New Jersey at the time he filed his petition. Thus, the named Warden is not the proper party respondent because she did not have custody over Petitioner at the time he filed his petition. Therefore, this Court has no personal jurisdiction pursuant to 28 U.S.C. § 2241(a).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, transfer of the habeas action to the United States District Court for the Eastern District of North Carolina would be in the interest of justice. See 28 U.S.C. § 1631 (if federal court lacks personal jurisdiction, it "shall transfer" action to court with jurisdiction if doing so is in "interest of justice"); Goldlawr v. Heiman, 369 U.S. 463 (1962); Cruz-Aguilera v. Immigration and Naturalization Serv., 245 F.3d 1070, 1074 (9th Cir. 2001); Valdivia, 80 F. Supp. 2d at 333; J. Liebman, Federal Habeas Corpus Practice and Procedure § 10.2(c) (1998). Petitioner is confined in the Eastern District of North Carolina and was designated to the Rivers Correctional Institution in Winton, North Carolina, at the time he submitted

6

his petition for filing.  Personal jurisdiction over the present custodian of Petitioner resides in the Eastern District of North Carolina.  Therefore, it would be in the best interest of Petitioner to transfer venue of his case to the District Court in which he is confined for his convenience and because personal jurisdiction over his present custodian exists there.  Accordingly, this case will be transferred to the Eastern District of North Carolina.

## II.   CONCLUSION

For the reasons set forth above, the petition will be transferred to the Eastern District of North Carolina because this District Court lacks jurisdiction over the matter.  An appropriate order follows.


　　　　　　　　　　　　　　　　　　　 /s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: February 28, 2011

At Camden, New Jersey